## DE VIGNIER *v.* CITY OF NEW ORLEANS.*

## FOLSOM BROTHERS *v.* SAME.*

*(Circuit Court, E. D. Louisiana. April, 1883.)*

1. MUNICIPAL-TAX POWER.

In the absence of any provisions of the statute which had entered into and formed part of the contract, giving the right to impose a tax, bonds or other obligations of a city, which belong to non-residents, cannot be taxed without impairing the force of the obligation itself.

2. JURISDICTION—JUDGMENT.

In a case pending here, this court has jurisdiction to protect the judgment, which is the right of the plaintiff to recover a certain amount of money, from all illegal procedures on the part of the debtor which assert a lien, and, if not arrested, might end in a complete divestiture of title.

On Demurrer. Bills for an injunction to restrain assessment and collection of taxes upon judgments held and owned by non-residents.

*Robert Mott,* for complainants.

*Charles F. Buck,* City Atty., for defendant.

BILLINGS, J. In the first case, the judgment is for coupons of consolidated bonds issued by the city of New Orleans.

In the second case, the judgment is for damages occasioned by destruction of property by a mob.

In *Railroad Co.* v. *Pennsylvania,* 15 Wall. 300; *Murray* v. *City of Charleston,* 96 U. S. 432; and *Hartman* v. *Greenhow,* 102 U. S. 672, the supreme court of the United States have settled, among other propositions of law, the two following, which apply to these cases:

(1) That the exercise of the power of taxation by municipal corporations is such an act of legislation that if it impairs the obligation of a contract it is within the prohibition of article 1, § 10, that no state shall pass a law impairing the obligation of a contract.

(2) That obligations to pay money on the part of states or cities, while they may be property, are not so localized as to be property within a state or city, when held by persons residing outside thereof.

It can hardly be doubted but what the *status* of obligations, so far as relates to exemption from taxation before suit, would continue after suit; otherwise the debtor, by making default in the performance of his contract, would cast an additional burden upon the creditors, and cause a subtraction from the amount due. This was the judgment by the legislature of Louisiana, for, in the charter of 1856,

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

act No. 164, § 67, they provide that "any bond, mortgage, note, contract, account, or other demand belonging to any person not being a resident of the city of New Orleans, which shall be sent to said city for collection, or shall be deposited in said city for said purpose, shall be exempt from taxation."

The city charter of 1870 (article No. 7, § 15, subd. 6) specially exempted from taxation the consolidated bonds, without reference to the residence of the owner. But, independently of these legislative acts, the law must be that in the absence of any provisions of the statute which had entered into and formed part of the contract, giving the right to impose a tax, bonds, or other obligations of a city, which belong to non-residents, could not be taxed without impairing the force of the obligation itself; for, as a rule of law, where there is no pre-existing legislation they have no *situs* except that which is imparted by the residence of the owner, and to attempt to tax outside of that residence is to add to the qualities of personal property that of having an artificial and forced location, contrary to the settled rules which govern that class of property.

It is not necessary in these cases to consider the question of the power of the city to tax the debts which it owes to those who reside within it, whether they are represented by bonds or exist in judgments.

As to the jurisdiction of this court: In one of the cases the judgment was obtained in this court; in the other, in the state court. In the case pending here this court has jurisdiction to protect the judgment, which is the right of the plaintiff to recover a certain amount of money from all illegal procedures on the part of the debtor which assert a lien, and, if not arrested, might end in a complete divestiture of title. In the case pending in the court of the state the amount, with the interest claimed, will, before the proceedings to enforce the tax culminate, make more than the sum of $500, which is required to give this court jurisdiction in an original suit.

The demurrer in each case is therefore overruled, and the defendants may have until next rule-day to answer.